UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEATHELL NAYLOR                                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:19-CV-16-DPJ-FKB

BILLY SOLLIE                                                                                            DEFENDANT

ORDER

Pro se Plaintiff Leathell Naylor filed this 42 U.S.C. § 1983 case challenging the conditions of his confinement at the Lauderdale County Detention Facility on January 8, 2019. Naylor failed to appear for an omnibus hearing, and several orders the Court mailed Naylor were returned as undeliverable. So on February 20, 2020, the Court dismissed the case without prejudice for failure to prosecute and to comply with Court orders. Order [27].

Naylor has now sent the Court two letters [32, 33] in which he asks the Court to re-open this case. The Court construes Naylor's letters as motions under Federal Rule of Civil Procedure 60(b). *See Hudgins v. Catoe*, No. 6:17-CV-540, 2022 WL 866330, at *1 (E.D. Tex. Feb. 14, 2022) ("A motion to reopen a closed case is properly construed as a motion seeking relief from final judgment under Federal Rule of Civil Procedure 60(b)."). That rule provides:

> On motion and just terms, the court may relief a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(c) specifies that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

More than a year has elapsed since the Court dismissed Naylor's lawsuit, so Naylor is limited to the grounds set forth in Rule 60(b)(4), (5), and (6). There is no suggestion that subsections 4 or 5 would apply, leaving the catch-all provision of Rule 60(b)(6) as the sole basis for relief.

"Rule 60(b)(6) motions 'will be granted only if extraordinary circumstances are present.'" *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). And a Rule 60(b)(6) motion may not be based on a reason for relief set forth in any of the other subsections of Rule 60(b). *Id.* at 215. The only justification Naylor provides for seeking to reopen his case is that he "was moved from one facility to the other" and "after [his] release [he] had a death in [his] family which set [him] off trace [sic]." Letter [32]. Naylor is arguably alleging excusable neglect, but the time to move to reopen based on excusable neglect has expired and Naylor's allegation would not justify relief under Rule 60(b)(1) in any event. *See Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (affirming denial of Rule 60(b)(1) motion and noting "that a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in 'unique circumstances'" (quoting *Wilson v. Atwood Grp.*, 725 F.2d 255, 258 (5th Cir. 1984))). There is

no basis to re-open this case under Rule 60(b).  Construed as Rule 60(b) motions, Naylor's letters [32, 33] are denied.[1]

**SO ORDERED AND ADJUDGED** this the 9th day of June, 2022.

                                            s/ *Daniel P. Jordan III*
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] That said, Naylor is not necessarily without recourse.  The Court dismissed the case without prejudice, meaning that Naylor may file a new lawsuit under § 1983.